Weddemann v. Lehman.

## Fred Weddemann v. Lewis Lehman.

1. INSTRUCTIONS—*credibility of witnesses.* An instruction is erroneous which tells the jury that they may disregard the testimony of witnesses who have knowingly testified falsely, regardless of whether or not such false testimony related to a material issue in the case.

2. INSTRUCTIONS—*credibility of witnesses.* An instruction is erroneous which tells the jury that they may disregard the testimony of witnesses who have knowingly testified untruthfully unless such witnesses are " corroborated by other credible witnesses." Corroboration by a single witness might be sufficient.

Action to recover damages for assault. Error to the Circuit Court of Vermilion County; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 9, 1903.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This was an action by defendant in error against plaintiff in error to recover damages for personal assault. A trial by jury resulted in a verdict and judgment in favor of defendant in error for five hundred dollars.

The testimony of a large number of witnesses tended to show that no assault was committed by plaintiff in error, and that defendant in error was guilty of a technical assault upon plaintiff in error. While we are not inclined to reverse the judgment upon the merits, the record presents such a state of facts as made it the duty of the trial court to accurately instruct the jury.

The following instruction was given at the request of defendant in error, who was the plaintiff in the court below :

" The court instructs you that the testimony of one credible witness may be entitled to more weight than the testimony of many others, if, as to those other witnesses, you have reason to believe, and do believe, from the evidence and all the facts before you, that such other witnesses have knowingly testified untruthfully, and are not corroborated by other credible witnesses, or by circumstances proved in the case."

This instruction erroneously told the jury that they might disregard the testimony of a witness who had knowingly testified untruthfully, without regard to the fact as to whether the testimony related to a material issue in the case. It is also erroneous in requiring the corroboration, from oral testimony, to come from a plurality of witnesses. The testimony of one corroborating credible witness might be sufficient to meet the legal requirements, if the testimony of that witness was of sufficient probative force in the estimation of the jury. Testimony should be weighed, not counted.

For the error in giving the foregoing instruction, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*